UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CASEY HAYES PERRY, # 244528,

        Petitioner,               Case Number: 10-cv-13501
                                        Honorable Thomas L. Ludington

v.

THOMAS BIRKETT,

        Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION TO REMAND AND MOTION TO APPOINT COUNSEL**

On September 2, 2010, the petitioner, Casey Hayes Perry, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On September 9, 2010, the Court ordered the respondent to file his answer, along with the Rule 5 materials, by March 11, 2011. Now before the Court are the petitioner's motion to remand [Dkt. #6] and motion to appoint counsel [Dkt. #7]. For the reasons stated, the Court will deny the motions.

I

In his motion to remand, Petitioner Perry asks the Court to conduct an evidentiary hearing regarding his ineffective assistance of counsel claim. The Court, after the answer, transcript, and record of state court proceedings are filed, shall, upon review of those proceedings and materials, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the Court is to dispose of the petition as justice requires. Rule 8(a), 28 U.S.C. § 2254; *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford*

*v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without taking evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989)

In this case, the Court has not yet received an answer or the state court record from the respondent. Without those materials, the Court is unable to determine whether an evidentiary hearing on the petitioner's claim is needed. Once the Court has received the necessary materials, and, after a review of the state court record, it will consider whether an evidentiary hearing is necessary.

II

The petitioner also filed a motion for the appointment of counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

In the instant case, the Court determines that the interests of justice do not require appointment of counsel at this time. The petitioner's motion will be reconsidered if, following receipt of the respondent's answer and the necessary Rule 5 materials, the Court determines that appointment of counsel is necessary.

III

Accordingly, **IT IS ORDERED** that the petitioner's motion to remand [Dkt. #6] for an evidentiary hearing is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the petitioner's motion to appoint counsel [Dkt. #7] is **DENIED WITHOUT PREJUDICE**.

The Court will reconsider the petitioner's motions if it determines at a later date that an evidentiary hearing and appointment of counsel are necessary. The petitioner need not file any additional motions regarding these issues.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 26, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 26, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS