UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CASEY PERRY, # 244528,

        Petitioner,

v.                                        Case Number: 10-cv-13501
                                             Honorable Thomas L. Ludington

THOMAS BIRKETT,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner Casey Perry ("Petitioner") filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 2, 2010. Petitioner is a state inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. His petition alleges that he is incarcerated in violation of his constitutional rights. In lieu of an answer to the petition, Respondent filed a motion for summary judgment [Dkt. # 16], asserting that the petition was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner filed a response [Dkt. # 18] to the motion on April 20, 2011. Respondent's motion will be granted because Petitioner did not file his habeas petition within the limitations period. The Court also will decline to issue Petitioner a certificate of appealability and will deny him an application for leave to proceed on appeal in forma pauperis.

**I**

The Michigan Court of Appeals summarized the facts of the case, and the recitation of those facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). The facts are as

follows.

> Defendant was romantically involved with the victim on and off from approximately 1991 to 2000 and fathered five of her children. The couple was not in contact during defendant's incarceration between May 2000 and December 2003. Defendant initiated contact with the victim shortly after his release from prison. Defendant told investigators that he visited the victim in Kalamazoo several times during March 2004 and that they were deciding at that time whether to reconcile. He drove her from Kalamazoo to his home in Michigan City, Indiana, on March 26, 2004, and then returned her to Kalamazoo, where she was residing with her brother, Kirk Dement, and her boyfriend, Rex Garr. Defendant told investigators that he ended his relationship with the victim just after midnight on March 27, 2004, when he dropped her off at her residence. However, Dement and Garr testified that the victim was last seen alive on March 27, 2004, that she was with defendant at that time, and that she never returned to their residence. On May 2, 2004, the victim's naked body was found partially submerged at the edge of Asylum Lake in Kalamazoo. She died from multiple stab wounds to the abdomen, the base of the neck, and the forehead. Her body had been covered with wooden pallets and her arms, legs, and head were submerged in two feet of silt at the bottom of the lake.
>
> The prosecutor's theory of the case was that evidence of defendant's abusive, obsessive, and controlling behavior throughout the course of his relationship with the victim established that he was responsible for her death. The trial court permitted the prosecutor to admit evidence of defendant's prior bad acts against the victim under MRE 404(b) to prove a pattern of violence, motive, intent, and identity. The prosecutor presented extensive testimony describing a history of relationship discord and domestic violence between 1991 and 2000.

*People v. Perry*, No. 266509, 2007 WL 1429551, at *1 (Mich. Ct. App. May 15, 2007).

Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of first-degree premeditated murder pursuant to Mich. Comp. Laws § 750.316(1)(a). On November 7, 2005, he was sentenced as a habitual offender, fourth offense, to life in prison.

Subsequent to his sentencing, Petitioner filed his appeal of right in the Michigan Court of Appeals. On May 15, 2007, the Court of Appeals affirmed his conviction and sentence. *Perry*, 2007 WL 1429551, at *6. Petitioner filed an application for leave to appeal in the Michigan Supreme

Court, which was denied on October 29, 2007. *People v. Perry*, 480 Mich. 923, 740 N.W.2d 246 (2007) (Table).

On May 27, 2008, Petitioner filed a motion for relief from judgment in the trial court, which was denied on June 26, 2008. *People v. Casey*, No. 04-001408-FC (Kalamazoo County Cir. Ct. June 26, 2008). On April 21, 2009, Petitioner filed a delayed application for leave to appeal with the Court of Appeals, requesting to file a brief in excess of the fifty-page limit. The Court of Appeals denied the request and ordered him to file a conforming application within twenty-one days of its order. *People v. Perry*, No. 291565 (Mich. Ct. App. May 19, 2009). Petitioner did not do so. On October 21, 2009, the Court of Appeals dismissed his delayed application for failure to comply with its rules. *People v. Perry*, No. 291565 (Mich.Ct.App. Oct. 21, 2009).

On July 13, 2009–while his appeal was pending in the Court of Appeal–Petitioner filed an interlocutory application for leave to appeal in the Michigan Supreme Court, which was denied on September 11, 2009. *People v. Perry*, 485 Mich. 867, 771 N.W.2d 738 (2009).

Petitioner returned to state court on May 20, 2010, filing a discovery motion, which was denied. *People v. Perry*, No. 04-001408-FC (Kalamazoo County Cir. Ct. June 28, 2010).

On August 30, 2010,[1] Petitioner filed this habeas petition, raising the following claims: the admission of certain evidence was improper, the prosecutor committed misconduct, and trial and appellate counsel were ineffective.

**II**

Respondent argues in his motion for summary judgment that Petitioner's habeas petition

---

[1] A federal habeas petition is deemed filed when the prisoner gives the petition to prison officials for mailing. *Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004).

should be barred from federal habeas review by the one-year statute of limitations.

**A**

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). "The summary judgment rule applies to habeas proceedings." *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (quoting *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001) (citation omitted)). In the statute of limitations context, "dismissal is appropriate only if a [moving party] clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir. 1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007) (same).

**B**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13. The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A post-conviction motion is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Tolling is effective only when collateral review is properly sought within the limitations

period. *Id.* The limitations period also is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). A habeas petition filed outside the time period prescribed must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds by Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001) (dismissing as untimely a habeas petition filed over one month after the limitations period had expired).

Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on October 29, 2007. Petitioner had ninety days, or until January 27, 2008, to seek direct appeal of the Michigan Supreme Court's judgment. The statute of limitations commenced the next day, January 28, 2008. Petitioner then would have had one year from that date in which to file his habeas petition, or until January 28, 2009.

Petitioner filed his post-conviction motion on May 27, 2008, which tolled the one-year statute of limitations. At that juncture, 120 days of the one-year statute of limitations had run. The trial court denied the motion June 26, 2008 and Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals on April 21, 2009, along with a motion requesting to

exceed the fifty-page limit imposed by the Court's rules. The Michigan Court of Appeals denied the motion on May 19, 2009, and directed that he comply with the Court's rules if he elected to refile a motion. He did not do so. On October 12, 2009, the Michigan Court of Appeals dismissed Petitioner's delayed application for failure to comply with its rules. Petitioner's improper filing in the Court of Appeals, however, did not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2).

As a result, Petitioner's August 30, 2010 habeas petition was filed well after the statute of limitations had run whether the measuring date for the remaining 245 days is June 26, 2008, when the state trial court denied his post-conviction motion, or June 9, 2009, when the Michigan Court of Appeals ordered him to file a delayed application in compliance with the court rules. However, even if Petitioner's time began running after the Court of Appeals's October 21, 2009, dismissal order, he had 245 days, or until June 23, 2010, in which to file his habeas petition. Moreover, Petitioner's May 20, 2010, motion for discovery did not toll the limitations period. *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001); *Smith v. Jones*, No. 01-CV-74504-DT, 2002 U.S. Dist. LEXIS 24613, at *9 (E.D. Mich. Nov. 26, 2002). Petitioner's habeas petition, dated August 30, 2010, was filed sixty-eight days after the latest possible limitations period expired.

**C**

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562 (2010). The Supreme Court held that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). "The

petitioner has the burden of demonstrating that he [or she] is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

When deciding whether equitable tolling should apply, courts in this circuit evaluate the following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (citations omitted); *see also Sherwood v. Prelesnik,* 579 F.3d 581, 588 (6th Cir. 2009); *Dunlap v. United States,* 250 F.3d 1001, 1008-09 (6th Cir. 2001). These five factors are not comprehensive nor is each of the five factors relevant in all cases. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Instead, courts must consider equitable tolling on a case-by-case basis. *Allen*, 366 F.3d at 401 (citation omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (internal quotations omitted)).

The arguments advanced in Petitioner's reply brief are difficult to understand. However, it appears to the Court that he is arguing that equitable tolling should apply because he is not educated in the law, is indigent, has been prevented access to the prison's law library, and is actually innocent of the crime with which he was charged and convicted.

First, a limited access to the prison's law library does not constitute a sufficient circumstance which justifies tolling of the one-year period. *See Maclin v. Robinson*, 74 F. App'x 587, 589 (6th

-8-

Cir. 2003) (limited access to prison law library does not constitute a state impediment under 28 U.S.C. § 2244(d)(1)(B)); *see also United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003) (allegations of insufficient library access do not warrant equitable tolling); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002) (denial of access to legal materials is not an exceptional circumstance warranting equitable tolling). Second, an inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002) (internal citations omitted). Finally, the fact that a petitioner is unfamiliar with the law is insufficient to warrant equitable tolling. *See Allen*, 366 F.3d at 403.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). A petitioner, in order to support a claim of actual innocence in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing. Accordingly, Petitioner has not demonstrated that he

is entitled to equitable tolling of the one-year limitations period.

### III

For the reasons provided herein, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he is not entitled to tolling of the one-year period, and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. Accordingly, a certificate of appealability is not warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### IV

Accordingly, it is **ORDERED** that Respondent's motion for summary judgment [Dkt. #16]

is **GRANTED**.

It is further **ORDERED** that Petitioner's petition for writ of habeas corpus [Dkt. #1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Casey Perry, #244528, at Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 by first class U.S. mail on June 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---